IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-24-D

| | | |
|---|---|---|
| MELVIN EARL BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JFK ESTATE'S, | ) | |
| | ) | |
| Defendant. | ) | |

Melvin Earl Banks ("Banks" or "plaintiff") filed this action pro se and paid the filing fee. See [D.E. 1]. As explained below, the court dismisses Banks's complaint as frivolous.

Banks asserts jurisdiction based on: "JFK Estate's— I'm first borne son, I'm little boy kidnap for year's, they's hidden me from my father estate @ etc." Compl. [D.E. 1] 2. Banks complains that:

1. All JFK Estate's @ etc.
2. Index A–Z (All documents of the states.)
3. All family's picture's @ etc.
4. All name's of kid's of JFK @ other member's @ etc.

See id. Banks seeks the following relief: "All destroy @ damage's record's of JFK estate's @ all etc index's A–Z!!! All documents of JFK estate's @ etc." Id. at 3.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Banks's complaint is incoherent. A district court has "the inherent authority . . . to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." Gibson v. NSA, No. 6:15-132-HMH-JDA, 2015 WL 1519970, at *2 (D.S.C. Mar. 12, 2015) (unpublished) (collecting cases), R&R adopted, 2015 WL 1520000 (D.S.C. Mar. 30, 2015) (unpublished); see Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989).

In sum, the court DISMISSES the action as frivolous. The clerk shall close the case.

SO ORDERED. This 23 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge